UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDY MEDINA | CIVIL ACTION |
| VERSUS | NO: 22-1087 |
| WALMART, INC. | SECTION: "S" (4) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 8) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

BACKGROUND

This matter stems from a slip and fall in a Walmart store in New Orleans, Louisiana. On December 30, 2020, while in the Behrman Avenue store, plaintiff slipped on a liquid that had accumulated on the floor where he was walking, allegedly sustaining injuries as a result. On December 9, 2021, plaintiff filed suit in the Civil District Court for the Parish of Orleans, seeking recovery for damages as a result of his personal injuries. On the same date, plaintiff's counsel sent a demand letter to Walmart, seeking damages of $323,667.23.[1] Two months later, on February 9, 2022, plaintiff sent the same settlement demand letter to Walmart's counsel of record. On March 24, 2022, plaintiff responded affirmatively to Walmart's Request for Admission that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. On April 21, 2022,

---

[1] This figure represented $275,000.00 plus $46,01.23 in medical bills and $2,650.00 in costs.

Walmart removed the matter to this court.

Plaintiff has filed the instant motion to remand, arguing that Walmart's notice of removal was untimely, because Walmart had notice the matter exceeded $75,000.00 on February 9, 2022, and waited more than 30 days from that date to file its Notice of Removal. Walmart opposes, acknowledging that it received the demand letter on February 8, 2022, but contending that it did not provide sufficient information to place Walmart on notice that the amount in controversy was clearly in excess of $75,000.00, and that it did not have adequate notice until it received plaintiff's admission in response to discovery on March 24, 2022.

## DISCUSSION

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "Any ambiguities are construed against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

The time limits for removal are set forth in 28 U.S.C. § 1446(b). Subsection 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). This 30-day time limit for removal "is triggered 'only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" Mumfrey, 719 F.3d at 399 (quoting Bosky v. Kroger Tex., LP, 288 F.3d 208, 210 (5th Cir. 2002)).

In cases where the time limit set forth in § 1446(b)(1) is not triggered, the action may become removable under § 1446(b)(3), which provides:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In this case, the 30-day time limit for removal set forth in § 1446(b)(1) was not triggered by the filing of the original petition because it does not affirmatively reveal on its face that Medina is seeking more than $75,000 in damages. The allegations regarding his damages state that he underwent medical treatment and incurred medical bills stemming from injury to his "spine, discs, nerves, muscles, tendons, ligaments and other structures of his body, mind and

psyche," and that he "continues to experience physical pain and suffering mental anguish." Petition, ¶ 9. As damages, he seeks, <u>inter alia</u>, past, present, and future medical expenses, loss of income and earning capacity, and compensation for loss of enjoyment of life. Thus, there is nothing in the petition that affirmatively reveals that plaintiff's damages would exceed $75,000.

However, as stated above, § 1446(b)(3) allows a defendant to remove an action within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Fifth Circuit has explicitly held that "a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b)" because this "is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit." <u>Addo v. Globe Life & Acc. Ins. Co.</u>, 230 F.3d 759, 762 (5th Cir. 2000).

Walmart argues that plaintiff's post-complaint demand letter provided no information to indicate that the amount in controversy exceeded the jurisdictional threshold. To the contrary, the demand letter explicitly sought $275,000.00 plus medicals. Without suggesting that plaintiff's letter is a sham, what defendant is actually arguing is that the letter did not accurately reflect the amount of damages that it was "unequivocally clear and certain" that the plaintiff could prove, or that a jury would award. <u>See</u> <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208, 211 (5th Cir. 2002). However, Walmart does not dispute that it was placed on notice that an amount above the jurisdictional floor was sought. On similar facts, other courts have held a plaintiff's post-suit settlement offer to be "other paper" sufficient to trigger the period of removability under §

1446(b)(3). See e.g., Wawrzycki v. Bales, 2019 WL 4894557, at *4 (E.D. La. Oct. 4, 2019); Tranchant v. Liberty Cnty. Mut. Ins. Co., 2019 WL 4440035, at *4 (E.D. La. Sept. 17, 2019).

Plaintiff's demand letter itemized medical expenditures as of the date drafted of approximately $46,000.00. It recited that plaintiff had received three epidural steroid injections to his cervical vertebrae and undergone physical therapy treatment from which he had not been discharged. While the demand for $275,000.00 plus medicals and costs may have been merely the beginning of settlement negotiations, the fact remains that plaintiff had already incurred almost $50,000.00 for medical treatment, which was ongoing. Coupled with the fact that plaintiff specifically sought a total of $323,667.23, the court concludes that February 9, 2022 demand letter adequately placed Walmart on notice that the amount in controversy exceeded $75,000.00. Therefore, its Notice of Removal on April 21, 2022 was filed beyond the 30-day statutory limit, and was untimely. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 8) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this  14th  day of June, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**